UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK L. BECNEL AND<br>JASON M. BECNEL | CIVIL ACTION |
| VERSUS | NO. 13-44 |
| SOUTHLAND RENTAL TOOLS, INC. | SECTION "N" (2) |

### ORDER AND REASONS

Presently before the Court is a motion to stay (Rec. Doc. 10) urged by Defendant, Southland Rental Tools, Inc. For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**.

### BACKGROUND

On March 1, 2012, Southland sued Mark Becnel, Jason Becnel,[1] Jack Becnel, and Becnel Rental Tools, LLC, in Louisiana state court. *See Southland Rental Tools, Inc. v. Mark Becnel, Jason Becnel, Jack Becnel, and Becnel Rental Tools, LLC*, No. 59-461, 25th Judicial District Court, Parish of Plaquemines. On April 27, 2012, the Becnels filed peremptory exceptions of no cause of action, prescription, and peremption, and, in the alternative, a motion for summary judgment in the state court proceeding. On June 25, 2012, Southland filed a First Amended and Restated Petition, setting forth additional facts and claims, and adding defendants. Thereafter, on

---

[1] The Court shall refer herein to Mark Becnel and Jason Becnel as "the Becnels".

1

September 18, 2012, the Becnels filed an Answer and Reconventional Demand in state court, alleging claims of patent infringement, conversion, unfair trade practices, and defamation. In response, Southland filed an exception for lack of subject matter jurisdiction as to the patent infringement claim, urging the existence of exclusive federal court jurisdiction, pursuant to 28 U.S.C. § 1338, over such claims. On December 6, 2012, the state court heard oral argument and took the Becnels' peremptory exceptions of no cause of action, prescription, and peremption and, in the alternative, motion for summary judgment, under advisement.

On January 8, 2013, the Becnels filed the instant action against Southland and, the following day, January 9, 2013, moved in state court, without opposition, to dismiss their patent infringement claims. On February 21, 2013, Southland filed the motion to stay now before this Court. A number of written submissions by the parties followed. The latest advises the Court that the state court has denied the Becnels' exceptions and alternative motion for summary judgment. *See* Rec. Doc. 19-1.

## LAW AND ANALYSIS

Defendant, Southland, asks the Court to stay this federal proceeding in favor of its pending state court action under the abstention principles set forth in *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 813 (1976). As explained by the Fifth Circuit in *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492-93 (5th Cir. 2006):

> *Colorado River* applies when suits are parallel, having the same parties and the same issues. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002). [FN3][2] Under *Colorado River*, a district court may abstain from a case only under "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 96

---

[2] If the suits are not parallel, the federal court must exercise jurisdiction. *RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir.1987).

> S.Ct. 1236 (describing abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").
>
> In deciding whether "exceptional circumstances" exist, the Supreme Court identified six relevant factors: 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d [491, 497 (5th Cir. 2002)]; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86, 115 S. Ct. 2137, 132 L. Ed.2d 214 (1995). We do not apply these factors mechanically, but carefully balance them "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The balancing is done on a case-by-case basis. *Id.*

Applying the foregoing principles here, the Court initially notes that the two actions are not identical. The Becnels' patent infringement claim no longer is pending in state court. Further, the state court action includes claims and parties, including defendants and a third-party intervenor, not involved in this federal court action. In any event, the Court is not convinced that an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" exists here. *Colorado River*, 424 U.S. at 814, 817, 96 S. Ct. 1236. Thus, the motion to stay is denied.

First, neither the state court nor this federal court has assumed jurisdiction by taking control over a res. The absence of this factor supports a federal court's general rule of exercising the jurisdiction granted to it. *Stewart*, 438 F.3d at 492; *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

Second, the relative inconvenience of the federal and state fora is "analyzed as to

3

'whether the inconvenience of the federal forum is so great' that abstention is warranted." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002)(quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir.1988)). Given the close geographical proximity of the two courts, in New Orleans and Belle Chasse, Louisiana, and the presumed location of witnesses and evidence, this factor weighs again abstention.

The third factor, avoiding piecemeal litigation, likewise favors this Court's exercise of its jurisdiction. The concern with piecemeal litigation arises primarily where parallel lawsuits "'pose[] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel.'" *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012) (quoting *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 524 (2nd Cir. 2001)). On the other hand, "[t]he prevention of duplicative litigation [even if wasteful] is not a factor to be considered in an abstention determination." *Evanston*, 844 F.2d at 1192; *see also Black Sea v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). Rather, "[t]he only bar to dual prosecution is dismissal due to res judicata [and collateral estoppel]." *Evanston*, 844 F.2d at 1192;

Here, there is no indication that principles of res judicata and collateral estoppel would not apply to issues common to the two proceedings. Thus, dual litigation should not yield inconsistent results. Additionally, "the decision to invoke *Colorado River* abstention necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Murphy*, 168 F.3d 73 (quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 28). In this instance, as previously stated, the Becnels' patent infringement claim is justiciable only in federal court. Thus, even if this Court abstains in favor of the state court, litigation in federal court would not necessarily be avoided. Accordingly, this factor favors this

Court's exercise of its jurisdiction.[3]

The fourth factor concerns the order in which jurisdiction was obtained by the concurrent forum. Simple filing order, however, is not always dispositive. Instead, the Court must evaluate how much progress has been made in the two suits. *Stewart*, 438 F.3d at 492-93. Regarding this factor, the Court notes that the state court has denied the Becnels' previously filed exceptions and that some discovery has occurred. On the other hand, in addition to filing the instant motion, Southland has delayed progress in this action by failing to file an answer in accordance with the February 21, 2013 deadline. *See* Rec. Doc. 9. Nor is it apparent that state court discovery, if truly duplicative, could not be used here. Given these facts, the Court is not in a position to find that this factor weighs strongly in favor of abstention.

The fifth and sixth factors address the extent to which federal law is controlling and the adequacy of the state court[4] relative to the dispute(s) at issue. *Stewart*, 438 F.3d at 492-93. "'Although in some rare circumstances the presence of state-law issues may weigh in favor of [abstention] . . ., the presence of federal-law issues must always be a major consideration weighing against surrender.'" *Saucier,* 701 F.3d 465 (5th Cir. 2012) (quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 26). Even in the absence of a federal law issue, "[the Court's] task in cases such as this

---

[3] The Court additionally finds the cases cited by Southland (Rec. Doc. 10-1, pp. 7-8) to support a federal court stay (in favor of pending state court litigation in which patent ownership will be addressed) to be materially distinguishable. *See Pirkle v. Ogontz Controls. Co.*, No. 86-3374, 1987 WL 19882 (E. D. Pa. 1987), *aff'd.,* 852 F.2d 1293 (Fed Cir. 1988); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S. D. Cal. 1996); *Lerco Corp. v. Haley*, 597 F. Supp. 517 (W.D. Ky. 1983).

[4] This factor "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea*, 204 F.3d 647, 651 (5th Cir. 2000) (quoting *Evanston Ins. Co.*, 844 F.2d at 1193).

is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Black Sea*, 204 F.3d at 651 (5th Cir. 2000)(quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 21). Thus, "the presence of state law issues weighs in favor of surrender only in rare circumstances." *Id.* Here, this Court has exclusive federal subject matter jurisdiction regarding the Becnels' patent infringement claim. Nor does the Court find the preliminary state law questions, including ownership, to qualify as "rare circumstances" justifying abstention. Accordingly, these factors likewise weigh against abstention. *Id.*

## CONCLUSION

Having considered all relevant factors, the Court finds that *Colorado River* abstention is not appropriate in this matter. Accordingly, **IT IS ORDERED** that the motion to stay presently before the Court is **DENIED**.

New Orleans, Louisiana, this 5th day of June 2013.

**Kurt D. Engelhardt**
**United States District Judge**