UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK L. BECNEL AND JASON M. BECNEL | CIVIL ACTION |
| VERSUS | NO. 13-44 |
| SOUTHLAND RENTAL TOOLS, INC. | SECTION "N"  (2) |

### ORDER AND REASONS

Presently before the Court is a motion for summary judgment (Rec. Doc. 28) filed by Southland Rental Tools, Inc. ("Southland").  On the showing made,  **IT IS ORDERED** that the motion is **DENIED**.

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows  that there is no genuine dispute as to any material fact and the movant  is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248  (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

1

nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888(1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving

party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.  *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."  *Little,* 37 F.3d at 1075.  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.  Application of Legal Principles

With its motion for summary judgment, Southland seeks dismissal of the Becnels' patent infringement claims.  In support of its motion, Southland asserts an affirmative defense, specifically, that it has a "shop right" in U.S. Patent No. 6,354,380 ("the '380 patent") and, thus, cannot be held liable for patent infringement.  Having carefully reviewed the parties' submissions, the Court finds that no dispute exists relative to Southland's entitlement to use the '380 patent *during* the course of the Becnels' employment.  Indeed, the parties' evidentiary submissions demonstrate that, at a minimum, Southland held a license to the '380 patent during that time. Given Mark Becnel's assertion, however, that he and Southland's president and majority shareholder, Margaret Van Haverbeke, agreed that the license applied only so long as he was employed by Southland,[1] the Court finds that, with respect to period of time following the termination of Mark

---

[1] See August 15, 2012 Deposition Testimony of Mark Becnel (Rec. Doc. 84-2), at pp. 115-117.

Becnel's employment, on March 1, 2012, Southland has not demonstrated the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Accordingly, the relief that Southland seeks pursuant Rule 56 is denied.

      New Orleans, Louisiana, this 21st day of March 2014.

                                          **KURT D. ENGELHARDT**
                                          **United States District Judge**