UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARK L. BECNEL AND                                      CIVIL ACTION
  JASON M. BECNEL

VERSUS                                                  NO. 13-44

SOUTHLAND RENTAL TOOLS, INC.                            SECTION "N"  (2)

## ORDER AND REASONS

Presently before the Court is a motion for partial summary judgment (Rec. Doc. 66) filed by Plaintiff Jason Becnel relative to his request for a declaratory judgment of ownership of the '380 patent and Defendant Southland Rental Tool's claims seeking an assignment of Jason Becnel's rights in, or ownership of, the '380 patent. On the showing made, **IT IS ORDERED** that the motion is **DENIED**.

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of

proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See* Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986);  *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986);  *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party.  *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888(1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment.  *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary

judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. Application of Legal Principles

As required by Rule 56, the Court views the summary judgment evidence in the light most favorable to the nonmoving party, and draws all reasonable inferences in favor of that party. As a result, the Court finds Jason Becnel to have failed to demonstrate the absence of a genuine dispute of material fact, and his entitlement to judgment as a matter of law, relative to Southland's contention that he breached fiduciary duties owed to Southland such that he is obligated to assign to it any ownership rights that he may have in the '380 patent.[1]

In making this determination, the Court particularly notes evidence indicating that

---

[1] See, *e.g., In re Stonecraft*, 322 B.R. 623, 631-35 (S.D. Miss. Bktcy. 2005)(breach of fiduciary duty warranted order requiring transfer of patent); *Great Lakes Press Corp. v. Froom*, 695 F. Supp. 1440, 1447-48 (W.D.N.Y.1987)(same); 5 ROSENBERG, PATENT LAW FUNDAMENTALS §17:26, p. 60 (referencing authorities deeming inventor a fiduciary agent and compelling assignment of patent).

3

Jason Becnel and Mark Becnel ("the Becnels") acted on behalf of Southland in communicating with Shawn Sentilles, the patent attorney who handled the process of applying for and prosecuting the '380 patent. Despite these representative roles, the Becnels apparently never disclosed to Margaret Van Haverbeke, then president and co-owner of Southland, that Southland – despite bearing all of the expenses associated with obtaining the '380 patent, and developing the apparatus to which it applied, including the attorney fees charged by Mr. Sentilles[2] – would not own the '380 patent, but merely would have a license to use it only so long as the Becnels were employed by Southland.[3] This is true despite the Becnels being advised by Mr. Sentilles regarding patent assignment versus licensing,[4] and Mark Becnel specifically instructing Mr. Sentilles to change Southland's designated status from assignee (owner) to licensee.[5]

Nor, significantly, does Jason Becnel point to any evidence demonstrating that either of the Becnels ever suggested to any of Southland's other officers, owners, or Board of Directors members, that another Southland representative should, at a minimum, participate in the communications with Mr. Sentilles regarding the application for, and ultimate ownership of, the '380 patent, given the Becnels apparent desire to retain ownership of the patent. Rather, certain evidence suggests that the Becnels accepted Southland's complete reliance on them, exclusively,[6] to represent its interests relative to the '380 patent without ever advising of an intent to maintain an interest in

---

[2] See Rec. Docs. 85-2 (pp. 69-71); 85-3 (pp. 21, 26, 43-44); 85-8; 85-12; 85-23.

[3] See Rec. Doc. 85-2 (pp. 78-79). It is undisputed that the Becnels were at-will employees of Southland. Thus, the license could have been very short-lived.

[4] See Rec. Docs. 66-10, ¶10; 66-11 (pp. 4-6 of 6).

[5] See Rec. Docs. 66-13 (p. 5 of 9); 85-13 (pp. 55-58, 63); 85-14; 85-15.

[6] See Rec. Docs. 66-10, ¶12; 85-1, ¶ 22; 85-13 (pp. 8, 20-21, 23 of 29).

the '380 patent adverse to their employer's interests.[7]

Jason Becnel's memoranda make much of certain documentation of which Ms. Van Haverbeke, president and co-owner of Southland, either signed or was aware, referring to Southland as a "licensee" of the '380 patent.[8] Other evidence of which the Becnels were aware, including some of the very same documentation, however, refers to Southland as the owner of the patent,[9] or suggests that Ms. Van Haverbeke, having never been personally advised by Southland's counsel,[10] or Southland's designated representatives (the Becnels), did not understand the legal significance, relative to ownership, of being a patent licensee.[11] Thus, pertinent evidence is conflicting.

Given the foregoing, the Court does not find Jason Becnel to be entitled to the

---

[7] See Rec. Docs. 66-4 (pp. 6-7 of 8); 66-5 (pp. 6-7 of 21); 66-9 ¶5; 66-11 (p. 4 of 6); 66-13 (p. 4 of 9); 85-1, ¶¶ 25, 27-28 and 33; 85-3 (p. 7 of 10). Louisiana law recognizes that, under certain circumstances, mandataries and employees (including those other than officers and directors) owe a fiduciary duty to their employers and/or principals. See La. Civ. Code art. 3001, Rev. Comment (c) ("mandatary is obligated to discharge his obligations in good faith"); La. Civ. Code art. 3004 ("mandatary is bound to deliver to the principal everything he received by virtue of the mandate, including things he received unduly"); see also, *e.g., Harrison v. CD Consulting, Inc*., 934 So.2d 166, 170-71 (La. App. 1 Cir. 2006)(breach of employee's fiduciary duty historically contemplated in instances when an employee has engaged in dishonest behavior or unfair trade practices for the purpose of his own financial or commercial benefit); *Cenla Physical Therapy & Rehabilitation Agency Inc. v. Lavergne,* 657 So.2d 175, 176-77 (La. App. 3 Cir. 1995)(finding genuine issue of material fact as to whether employee physical therapists had breached fiduciary duty to employer).

[8] See Rec. Docs. 66-8 (pp. 6-8 of 21); 85-17.

[9] See Rec. Docs. 66-8 (pp. 6-8 of 21); 85-13 (p. 26 of 29); 85-19 (p. 6 of 12); 85-20 (pp. 2 and 10 of 11).

[10] See Jason Becnel's Statement of Uncontested Material Facts, Rec. Doc. 66-1, ¶27 ("Shawn Sentilles was Southland's patent attorney."); Rec. Docs. 66-11 (p. 4 of 6); 85-13 (p. 7 of 29, pp. 9-15 of 29, pp. 20-25 of 29).

[11] See Rec. Docs. 64-4 (p. 12); 85-1, ¶29. It is undisputed that, prior to its dealings with the '380 patent, Southland had never applied for, owned, or held a license to another patent.

summary relief requested by his motion. Accordingly, his motion for partial summary judgment is denied. Nevertheless, this ruling is without prejudice to Jason Becnel's right to request judgment in his favor, as a matter of law, at the conclusion of trial, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. At present, the Court simply finds that, on the showing made, Southland is entitled to present evidence supporting its claims to the trier of fact.

New Orleans, Louisiana, this 18th day of July 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**